DAVID M. BECKWITH (CSB NO. 125130)
davidbeckwith@sandiegoiplaw.com
JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 408-4422

Attorneys for Plaintiff,
UNIVERSAL STABILIZATION TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL STABILIZATION TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCED BIONUTRITION CORP., a Maryland corporation,<br><br>Defendant. | CASE NO. '17CV0087 GPC MDD<br><br>**COMPLAINT FOR 1) CORRECTION OF INVENSTORSHIP OF UNITED STATES PATENT NO. 8,907,245; 2) UNJUST ENRICHMENT; 3) DECLARATION OF OWNERSHIP; AND 4) CONSTRUCTIVE TRUST AND ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Universal Stabilization Technologies, Inc. ("UST") hereby complains of Defendant Advanced BioNutrition Corp. ("ABN") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action: (a) to correct inventorship under 35 U.S.C. § 256 of United States Patent No. 8,097,245 ("the '245 patent"); (b) to compensate UST for ABN's unjust enrichment; (c) for a declaration of UST's ownership of the '245; and (d) for an accounting and a constructive trust of the proceeds and benefits from ABN's ownership of the '245 patent.

## THE PARTIES

2. Plaintiff UST is a Delaware corporation with its principle place of business in San Diego, CA. Dr. Victor Bronshtein is the founder, major shareholder, and President of UST. Dr. Bronshtein is a world renowned and recognized expert in the field of preserving biologics including biomacromolecules, bacteria, viruses, and mammalian cells from damage during cryopreservation and preservation in a dry state.

3. On information and belief, ABN is a Maryland corporation with its principle place of business in Columbia, Maryland. ABN is designated as the sole owner, by recorded assignment at the United States Patent & Trademark Office, of the '245 patent. ABN contacted UST in San Diego, California, seeking to consult with Dr. Bronshtein regarding the preservation of probiotic bacteria using processes and compositions of matter known only to Dr. Bronshtein and UST.

## JURISDICTION AND VENUE

4. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because UST's claim of inventorship correction arises under the laws of the United States, 35 U.S.C. § 256. This Court has supplemental jurisdiction over UST's state and common law claims under 28 U.S.C. § 1367(a) because the state and common law claims are so related

-1-

**COMPLAINT**

1  to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over ABN because it has a continuous, systematic and substantial presence in this District, because it regularly conducts business and/or solicits business within this District, because it has purposefully directed activities at residents of this District, and because it expressly solicited UST in this District to convince UST and Dr. Bronshtein to work with and disclose information to ABN, all acts which form a substantial part of the events giving rise to UST's claims.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because UST resides in this District, has suffered harm in this District as a result of ABN's actions, and has a continuous, systematic and substantial presence in this District. ABN also has a continuous, systematic and substantial presence in this District, because it regularly conducts business and/or solicits business within this District, because it purposefully directed activities at residents of this District, and because it expressly solicited UST in this District to convince UST and Dr. Bronshtein to work with and disclose information to ABN, all acts which form a substantial part of the events giving rise to UST's claims.

## **GENERAL ALLEGATIONS**

7. In 2004, ABN hired UST to assist and disclose information to ABN in connection with a project relating to the preservation of probiotic bacteria. Dr. Bronshtein met with ABN and disclosed, in confidence, UST's previously developed know-how that became the claimed subject matter of the '254 patent.

8. The '245 patent, pertaining to the subject matter of preserving probiotic material, issued on January 17, 2012. The '245 patent identifies Mordechi Harei and Keren Kohavi-Beck as the putative inventors of the compositions and processes claimed in the '245 patent. Mordechi Harei and Keren Kohavi-Beck assigned all right, title and interest in the '245 patent to ABN. A true and correct

copy of the '245 patent is attached as **Exhibit 1**.

9. In fact, Dr. Bronshtein is the inventor of the claimed processes of the '245 patent. Dr. Bronshtein was under no obligation to assign his works of invention to ABN, and retained all rights to knowledge, processes and compositions of matter known to him before his consulting relationship with ABN. The claimed subject matter of the '245 patent reflects inventions known and conceived by Dr. Bronshtein and disclosed by him to ABN.

10. Pursuant to an employee agreement with UST, Dr. Bronshtein has assigned any and all of his rights to the '245 patent to UST. Accordingly, UST has an ownership interest in the '245 patent.

## FIRST CLAIM FOR RELIEF

### (Correction of Inventorship of the '245 Patent)

### (35 U.S.C. § 256)

11. UST repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

12. Dr. Bronshtein is responsible for the conception of all of the inventions forming the claimed subject matter of the '245 patent. In the alternative, Dr. Bronshtein is responsible for the conception of one or more of the inventions forming the claimed subject matter of the '245 patent.

13. Without deceptive intent, Dr. Bronshtein was incorrectly not named as the sole inventor of the claimed subject matter of the '245 patent. In the alternative, without deceptive intent, Dr. Bronshtein was incorrectly not named as a co-inventor of the subject matter of the '245 patent.

14. The '245 patent should be corrected to reflect that Dr. Bronshtein is the sole inventor thereon, or, in the alternative, that Dr. Bronshtein is a co-inventor of the subject matter of the '245 patent, and Dr. Bronshtein should be accorded any other remedies due him under U.S. patent law.

///

-3-

**COMPLAINT**

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

15. UST repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

16. Dr. Bronshtein is the inventor of all claims of the '245 patent.

17. ABN denied UST the rights and privileges of ownership of the invention(s) claimed in the '245 patent, and used, benefitted and/or profited from the patented invention(s) without UST's authorization. For example, ABN has entered into fee generating and royalty-bearing agreements regarding the '245 patent with bioscience companies such as Chr. Hansen.

18. As a direct and proximate result of denying UST's rights and privileges of ownership of the invention(s) claimed in the '245 patent, ABN has been unjustly enriched by the use, benefit, and/or profits derived from the patent inventions, at UST's expense and to its detriment.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

19. UST realleges and incorporates by reference the foregoing allegations as though set forth fully herein.

20. UST is entitled to a declaration that Dr. Bronshtein is the sole inventor and UST is the sole owner of the '245 patent, or in the alternative, Dr. Bronshtein is a co-inventor and UST is the co-owner of the '245 patent.

## FOURTH CLAIM FOR RELIEF

### (Constructive Trust and Accounting)

21. UST realleges and incorporates by reference the foregoing allegations as though set forth fully herein.

22. By reason of ABN's conduct as alleged herein, ABN is an involuntary trustee holding the '245 patent and profits and benefits therefrom in constructive trust for UST with the duty to convey the same to UST. ABN is obligated to

provide an accounting to UST reflecting all monies and benefits received as a result of owning the '245 patent, including but not limited to, licensing royalties and/or fees, lower costs of capital, grant awards, preferred lending terms, and other pecuniary gain.

## **PRAYER FOR RELIEF**

WHEREFORE, UST prays for entry of judgment in his favor and against ABN as follows:

(a) Declaring that Dr. Bronshtein is the true and sole inventor of the '245 patent, or in the alternative that Dr. Bronshtein is a co-inventor of the '245 patent;

(b) For a directive to issue to the Commissioner of the United States Patent & Trademark Office instructions to issue a Certificate of Correction in connection with the '245 patent attesting to the fact that Dr. Bronshtein was omitted as inventor on the '245 patent and correcting that error by designating Dr. Bronshtein as the sole inventor;

(c) For actual damages in an amount to be proven at trial or motion, including damages to UST;

(d) For prejudgment and post-judgment interest as allowed pursuant to statutory and common law;

(e) Awarding UST restitution for ABN's unjust enrichment;

(f) Awarding UST attorneys' fees and costs allowed by law;

(g) Declaring that UST is the owner of the '245 patent or alternatively, declaring that ABN holds the '245 patent as constructive trustee for the benefit of UST; and

(h) For an accounting of all benefits received as a result of ABN owning the '245 patent, and such other and further relief as the Court deems just and proper.

///

///

| | | |
|---|---|---|
| 1 | Dated: January 16, 2017 | SAN DIEGO IP LAW GROUP LLP |
| 2 | | |
| 3 | | By: /s/Trevor Coddington/ |
| 4 | | DAVID M. BECKWITH<br>JAMES V. FAZIO, III<br>TREVOR Q. CODDINGTON, PH.D. |
| 5 | | |
| 6 | | Attorneys for Plaintiff,<br>UNIVERSAL STABILIZATION<br>TECHNOLOGIES, INC. |

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Dr. Bronshtein |
| 3 | hereby demands a trial by jury of all issues so triable. |
| 4 | Dated: January 16, 2017      SAN DIEGO IP LAW GROUP LLP |

By: /s/Trevor Coddington/
DAVID M. BECKWITH
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.

Attorneys for Plaintiff,
UNIVERSAL STABILIZATION
TECHNOLOGIES, INC.

**COMPLAINT**