UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL STABILIZATION TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED BIONUTRITION CORP., <br><br> Defendant. | Case No.: 17cv0087-GPC-MDD <br><br> **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: PLAINTIFF'S REQUESTS FOR PRODUCTION 21-26** <br><br> **[ECF NO. 47]** |

Before the Court is the Joint Motion of the parties, filed on November 20, 2017, to determine a discovery dispute regarding Plaintiff's requests for production 21 through 26 in its second set of requests for production ("RFP"). (ECF No. 47). The Court allowed for a reply to be filed on November 28, 2017, and a sur-reply on December 5, 2017. (ECF Nos. 48, 50). The RFPs all relate to documents pertaining to an asset purchase agreement between Defendant and a third party and a separate agreement (the "side agreement') with the third party regarding the patent in dispute. (ECF No. 47 at 9-18). Defendant challenges the relevance of the requested documents and the timeliness of the motion under this Court's chambers rules.

<u>Legal Standard</u>

The Federal Rules of Civil Procedure authorize parties to obtain

discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

<u>Discussion</u>

Before getting to the merits, the Court is compelled to address Plaintiff's use of pejorative language in its portion of the Joint Motion.

2

17cv0087-GPC-MDD

Plaintiff says that Defendant "developed a 'sneaky' way to avoid discovery on this asset sale," and that Defendant "cooked up" one of the documents at issue. (ECF No. 47 at 3-4). First, using disparaging language is not persuasive; it has the opposite effect. Second, section XVIII of this Court's civil chambers rules provide:

> The Court insists that all counsel and parties be courteous, professional, and civil at all times to opposing counsel, parties, and the Court, including all court personnel. Professionalism and civility is the rule and not the exception. Personal attacks on counsel or opposing parties will not be tolerated.

Counsel for Plaintiff shall refrain from further nastiness. It is not clever, it is not smart and it is not helpful to Plaintiff's cause.

A. <u>Timeliness</u>

Section IV.C.2 of the Court's civil chambers rules provides:

> Any motion related to discovery disputes must be filed no later than thirty (30) days after the date upon which the event giving rise to the dispute occurred. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the date of service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts.

Defendant asserts that the instant motion is untimely. According to Defendant, it produced the redacted "side agreement" and refused to produce on relevance grounds the asset purchase agreement and related documents on July 31, 2017. (ECF No. 47 at 5 n.2). The production and objection were in response to Plaintiff's RFP No. 4, served on May 22, 2017, requesting the production of "[a]ll Documents reflecting licenses, research agreements, technology agreements, grant requests or applications, or other agreements that refer or Relate to the subject matter claimed in the '245 patent." (ECF

1 No. 47 at 2). On September 11, 2017, Plaintiff sought to meet and confer
2 with Defendant regarding the redactions and objections. (ECF No. 46, Exh.
3 A). Accordingly, Defendant urges the Court to find that the discovery dispute
4 was ripe as early as August 30, 2017.

Plaintiff has a different view of things. According to Plaintiff, this motion is timely because Plaintiff served its second set of RFP's on September 20, 2017, specifically calling for the production of an unredacted version of the "side agreement," the asset purchase agreement and all related documents and correspondence. The response by Defendant was served on October 20, 2017, making the instant motion, filed on November 20, 2017, timely. (ECF No. 47 at 2).

The instant motion is untimely. The six RFP's in issue here request information called for in the original RFP No. 4. Defendant produced the redacted "side agreement" and specifically refused to produce the asset purchase agreement and related documents, on or about July 31, 2017. The obligation of Plaintiff was to attempt to meet and confer prior to the expiration of the 30-day period and timely file a joint discovery motion or seek relief from the 30-day rule from the Court. It did neither. Serving a new set of RFP's calling for the production of the same documents does not and cannot restart the clock.

B. Merits

Out of an abundance of caution, and to assure that enforcing the Court's 30-day rule does not result in a manifest injustice, the Court has reviewed the merits of the dispute. The Court finds that no manifest injustice in enforcing its rule. Defendant has stated unequivocally that the '245 patent has never been commercialized or monetized. (ECF No. 47 at 6). The asset

purchase agreement and related documents appear not relevant as the '245 patent family was not part of that purchase.

The Court agrees with Plaintiff that the covenant not to sue contained within the "side agreement" is tantamount to a license for the '245 family of patents. *See Transcore, LP v. Electronic Transaction Consultants Corp.,* 563 F.3d 1271, 1275-76 (Fed. Cir. 2009). To the extent that there was consideration paid for the covenant not to sue, evidence of that consideration may be relevant. Although Plaintiff is denied discovery of that information pursuant to these RFP's by virtue of its violation of this Court's civil chambers rules, discovery remains open and Plaintiff appears to have other discovery vehicles to obtain the information it seeks.

## Conclusion

For the foregoing reasons, Plaintiff's motion to compel production of documents, as presented in the instant Joint Motion is **DENIED.**

**IT IS SO ORDERED.**

Date: December 13, 2017

Mitchell D. Dembin
U. S. Magistrate Judge