UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL STABILIZATION TECHNOLOGIES, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>ADVANCED BIONUTRITION CORP.,<br><br>         Defendant. | Case No.: 17cv0087-GPC-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING RULE 30(b)(6) DEPOSITION**<br><br>**[ECF NO. 57]** |

  Before the Court is the Joint Motion of the parties, filed on February 7, 2018, to determine a discovery dispute presenting Defendant's motion for a protective order regarding a noticed deposition of Defendant under Rule 30(b)(6), Fed. R. Civ. P. (ECF No. 57). In this case, Plaintiff seeks to correct the inventorship of a specific patent, the '245 patent. Infringement of the patent is not alleged. At issue are 7 topics specified by Plaintiff for testimony by designees of Defendant.

<u>Legal Standard</u>

  The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or

1

defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.*[1] District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

Rule 30(b)(6), Fed. R. Civ. P., allows a party to depose an entity. The party seeking the deposition must describe with reasonable particularity the matters for examination. The entity must then designate one or more persons to testify. The designees must testify about information known or reasonably available to the organization.

Rule 26(c), Fed. R. Civ. P., allows a party or person from whom discovery is sought to move for a protective order. For good cause, the Court may issue an order to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense.

## Discussion

Regarding each of the disputed topics, Defendant seeks protection on the grounds that the information sought is "irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." (*See* ECF No. 57 at 7, 9, 10, 12, 13, 14, and 15). Regarding topics 8 and 9, Defendant adds "harassing" to the list. And, regarding topics 8, 9, 10, 16, and 17, Defendant also asserts privilege and confidentiality of third parties. (*See* ECF No. 57 at 10, 12, 13, 14, and 15-16).

---

[1] Rule 26(b) no longer contains the language quoted by Defendant defining the scope of discovery as including information "reasonably calculated to the lead to the discovery of admissible evidence." That language was eliminated effective December 1, 2015. Counsel for Defendant should know better.

2

17cv0087-GPC-MDD

Plaintiff is correct that it is not grounds for a protective order that the information sought may be irrelevant, overbroad, potentially privileged or confidential. Accordingly, only Defendant's objections based upon undue burden and harassment will be considered.

1. Topic 4

Plaintiff seeks a designee to testify regarding "all research and experiments conducted by Mordechi Harel for or on behalf of Defendant. Inasmuch as this lawsuit relates only to the inventorship of the '245 patent, it would be unduly burdensome for Defendant to have someone prepared to testify regarding research and experiments conducted by Mordechi Harel beyond research and experiments leading to the '245 patent. Even if Dr. Harel is designated, the Court finds it would be an undue burden, considering the limited scope of this lawsuit, for Dr. Harel to be prepared to testify regarding all of the research and experiments conducted for Defendant. The topic should be limited to the '245 patent.

2. Topic 5

Plaintiff seeks a designee to testify regarding "all research and experiments conducted by Keren Kohavi-Beck for or on behalf of Defendant. Inasmuch as this lawsuit relates only to the inventorship of the '245 patent, it would be unduly burdensome for Defendant to have someone prepared to testify regarding research and experiments conducted by Keren Kohavi-Beck beyond research and experiments leading to the '245 patent. Even if Dr. Kohavi-Beck is designated, the Court finds it would be an undue burden, considering the limited scope of this lawsuit, to be prepared to testify regarding all of his research and experiments conducted for Defendant. The topic should be limited to the '245 patent.

### 3. Topic 8

Plaintiff seeks a designee to testify regarding Defendant's financials, balance sheets, and capitalization from December 2005, to present. The Court finds, considering the limited scope of potential damages in this case, and Defendant's unequivocal assertion that the '245 patent never has been monetized, that it would constitute an undue burden for Defendant to prepare and produce someone to testify on this topic unless limited solely to financial information pertaining to the '245 patent. (*See* ECF No. 47 at 6; No. 52 at 4).

### 4. Topic 9

Plaintiff seeks a designee regarding the subject matter of any investor presentations given by Defendant from December 2005 to present. The Court finds that it would be an undue burden for Defendant to have someone prepared to testify on this broad a topic, over a 13 year period, considering the limited scope of this lawsuit. If restricted to presentations regarding the '245 patent, the burden can be minimized.

### 5. Topic 10

Plaintiff seeks a designee to testify regarding the investors and stockholders of Defendant. The Court can conceive of exactly zero relevance of this topic to this lawsuit. Consequently, almost by definition, it would constitute an undue burden for Defendant to have to prepare someone to testify on this topic.

### 6. Topic 16

Plaintiff seeks a designee to testify regarding the licensing or acquisition of Defendant's technology by third-parties. Considering that this lawsuit is limited to the '245 patent, it would be unduly burdensome for Defendant to have to prepare someone to testify regarding other technology

deals.

7. Topic 17

Plaintiff seeks a designee to testify regarding the asset purchase agreement identified previously by Defendant. The Court previously opined that the asset purchase agreement is not relevant as it did not include the '245 patent family. (*See* ECF No. 52 at 4-5). The Court did state, however, that Defendant properly may inquire regarding whether consideration was paid by Defendant for a related covenant not to sue regarding the '245 patent family. (*Id.*). The Court finds that it would constitute an undue burden for Defendant to have to produce someone to testify about the asset purchase agreement unless limited to the question of consideration for the related covenant not to sue.

## Conclusion

For the foregoing reasons, Defendant's motion for protective order, as presented in the instant Joint Motion, is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

Dated: February 15, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge