UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNIVERSAL STABILIZATION TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED BIONUTRITION CORP., <br><br> Defendant. | Case No.: 17cv87-GPC(MDD) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO RE-TAX COSTS** <br><br> **[DKT. NO. 120.]** |
|---|---|

Before the Court is Plaintiff's motion to review the Clerk of Court's order taxing costs. (Dkt. No. 120.) Defendant filed an opposition and Plaintiff replied. (Dkt. Nos. 124, 125.) Based on the reasoning below, the Court DENIES Plaintiff's motion to re-tax the Clerk of Court's order taxing costs.

### Background

On January 16, 2017, Plaintiff Universal Stabilization Technologies, Inc. ("Plaintiff" or "UST") filed a complaint against Defendant Advanced Bionutrition Corporation ("Defendant" or "ABN") for correction of inventorship of U.S. Patent No. 8,097,245 ("'245 patent") pursuant to 35 U.S.C. § 256, unjust enrichment, declaratory relief, and constructive trust and accounting. (Dkt. No. 1, Compl.) On August 21, 2018, the Court granted Defendant's motion for summary judgment and denied Plaintiff's

cross-motion for summary judgment and judgment was entered on the same day. (Dkt. Nos. 97, 99.) On September 20, 2018, Plaintiff filed a notice of appeal of the Court's order and judgment. (Dkt. No. 105.) On September 24, 2018, ABN submitted its Bill of Costs in the amount of $14,320.28. (Dkt. No. 108.) UST filed an opposition on October 19, 2018. (Dkt. No. 114.) A hearing was held on October 25, 2018. (Dkt. Nos. 112, 119.) On October 29, 2018, ABN filed a supplemental declaration. (Dkt. No. 118.) On November 1, 2018, the Clerk of Court issued an order taxing costs in the amount of $8,187.27. (Dkt. No. 119.)

On November 9, 2018, UST filed a motion to re-tax costs. (Dkt. No. 120.) Pursuant to a joint motion to expedite the briefing schedule, ABN filed an opposition on November 19, 2018 and UST filed its reply on November 23, 2018. (Dkt. Nos. 123, 124, 125.)

## Discussion

Federal Rule of Civil Procedure 54(d)(1) provides that unless "a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999); Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003) (Rule 54(d)(1) "creates a presumption for awarding costs to prevailing parties," but it also places on the losing party the burden to "show why costs should not be awarded."). District courts review a clerk's taxation of costs *de novo*. Jardin v. DATAllegro, Inc., No. 08cv1462-IEG(WVG), 2011 WL 4835742, at *1 (S.D. Cal. Oct. 12, 2011) (citing ASIS Int'l Servs. v. Optin Global, Inc., No. C–05–5124 JCS, 2008 WL 5245931, at *3 (N.D. Cal. Dec. 17, 2008)).

A.   **Discretion to Deny Costs**

UST argues that the Court should exercise its discretion and deny costs as it had a good faith basis to assert that Dr. Bronshtein was an inventor of the '245 patent and

2

presents merit-based arguments to support its argument. ABN argues that UST repeats arguments it made in opposition to ABN's motion for attorneys' fees and they are not relevant to the question of taxing costs.

The court may deny costs based on "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) 'the chilling effect of imposing . . . high costs on future civil rights litigants,'" as well as (4) whether "the issues in the case were close and difficult"; (5) whether "the prevailing party's recovery was nominal or partial"; (6) whether "the losing party litigated in good faith"; and (7) whether "the case presented a landmark issue of national importance." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003) (citations omitted). Because Rule 54(d)(1) provides a presumption in favor of awarding costs, a district court must "specify reasons" when it refuses to award costs. Assoc. of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000). However, the district court does not need to specify reasons in awarding costs; "it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs." Save Our Valley, 335 F.3d at 945.

On these factors, UST solely argues that it had a good faith basis to claim that Dr. Bronshtein was an inventor of the '245 patent. However, bringing a case in good faith, alone, is not sufficient to deny costs because a plaintiff is "at all times legally and ethically obligated to act in good faith" and "to deny costs on grounds of good faith alone would render Rule 54(d) meaningless in every situation where the unsuccessful party acted in accordance with the law and its ethical obligations." Van Horn v. Dhillon, No. 08cv1622 LJO DLB, 2011 WL 66244, at *5-6 (E.D. Cal. Jan. 10, 2011); Bommarito v. Northwestern Mutual Life Ins. Co., No. 15cv1187 WBS, DB, 2018 WL 4657243, at *3 (E.D. Cal. Sept. 26, 2018) ("Good faith by itself is insufficient to justify denying costs. Parties are legally and professionally obligated to act in good faith."); see also Popeil Bros., Inc. v. Schick Elec., Inc., 516 F.2d 772, 776 (7th Cir. 1975) ("If the awarding of

costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d) would have little substance remaining."); Assoc. of Mexican-Am. Educators, 231 F.3d at 593 (whether losing party litigated in good faith was one factor of four the court considered in denying costs).

Here, by solely asserting it litigated in good faith, Plaintiff has not met its burden rebutting the presumption in favor of awarding costs. See id.

**B.     Excess Copy Costs**

UST argues that ABN's cost for copies of $3,194.77 is excessive amounting to $4.98 per page for 641 pages of documents. ABN argues that 641 represents the number of physical pages but there were also 0.58 GB of electronically stored information ("ESI"). ABN explains that the cost is for both physical and electronic documents and the cost of formatting, copying and producing the electronic documents to a format UST requested amounted to $3,194.77 in costs. (Dkt. No. 108-1 at 3.) In reply, UST nitpicks the specifics of the invoices contending that the invoices do not show that electronic data other than the 641 pages were electronically processed.

The "court's discretion in awarding costs under Rule 54(d) is limited to awarding costs that are within the scope of 28 U.S.C. § 1920." Jardin, 2011 WL 4835742, at *2. 28 U.S.C. § 1920 provides that taxing costs include, "(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Processing costs for electronically-stores information fall under this provision. EBay Inc. v. Kelora Sys., Inc., Nos. C 10-4947CW(LB), C 11-1398 CW(LB), C 11-1548 CW(LB), 2013 WL 1402736, at *4 (N.D. Cal. Apr. 5, 2013) (noting that section 1920 was amended in 2008 to "the costs of making copies of any materials" for "the costs of copies of papers."). "Taxable costs of copying client documents include the costs of collecting documents, reviewing those documents, and determining which are relevant." Id. at *5.

Here, the Clerk of Court awarded $3,194.77 for "fees for exemplification and copies." (Dkt. No. 119 at 3.) Contrary to Plaintiff's argument, the invoices totaling

4

$3,194.77 reveal that the costs involve not only the 641 pages that were copied but also involves the "scanning", "creating", "converting" "processing", "importing", "removing" and "hosting" of ESI. (Dkt. No. 108-3, Blaszkowski Decl., Ex. A at 2-10.) According to counsel's declaration, these invoices were incurred "for electronically copying and producing documents to Plaintiff in this case." (Dkt. No. 108-2, Blaszkowski Decl. ¶ 3.)

Accordingly, the Court DENIES Plaintiff's motion to re-tax costs as to the costs for "exemplification and costs of making copies." See Serious Materials, LLC v. Suppress Products, LLC, No. C-07-01328 RMW, 2008 WL 754878, at *3 (N.D. Cal. Mar. 21, 2008) ("Although the invoices do not specify exactly what documents were copied . . . the court sees no reason to question the declaration signed by [] counsel that the costs are compliant.").

## C. Stay of Enforcement of Recovery of Bill of Costs

In the event that ABN is allowed to recover costs, UST summarily argues that any recovery should be stayed until the Federal Circuit rules on the pending appeal as any reversal on appeal would change the prevailing party. ABN objects arguing that UST has failed to demonstrate that a stay is warranted.

Civil Local Rule 54.1(g)(5) provides that "[e]xcept as otherwise provided by law, costs will be taxed on the date set notwithstanding the fact that an appeal may have been filed." Civ. Local R. 54.1(g)(5). In assessing whether to issue a stay pending appeal, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see Mformation Tech., Inc. v. Research in Motion Ltd., No. C-08-4990 EMC, 2012 WL 6025746, at *4 (N.D. Cal. Dec. 4, 2012) (applying Hilton to determine whether to stay taxing of costs); ASIS Internet Servs., 2008 WL 5245931, at *1 (applying Hilton in determining not to stay taxation of costs).

5

17cv87-GPC(MDD)

Moreover, the court's authority to issue a stay is generally conditioned upon approval of a bond. <u>Vacation Village, Inc. v. Clark Cnty.</u>, 497 F.3d 902, 913 (9th Cir. 2007) ("Federal Rule of Civil Procedure 62(d) . . . requires only that the appellant post a supersedeas bond in order to obtain a stay on appeal.") Federal Rule of Civil Procedure 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining theorder allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

Here, Plaintiff presents no arguments why the Court should stay enforcement of the bill of costs. Accordingly, the Court DENIES Plaintiff's motion to stay of enforcement of Bill of Costs.

## Conclusion

Based on the above, the Court DENIES Plaintiff's motion to re-tax costs and for stay of enforcement pending appeal. The Court affirms the Clerk's taxation of $8,187.27 against UST in favor of ABN. The hearing set for November 30, 2018 shall be **vacated**.

IT IS SO ORDERED.

Dated: November 27, 2018

Hon. Gonzalo P. Curiel
United States District Judge

6

17cv87-GPC(MDD)